UNITED STATES DISTRICT COURT
For the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | |
| **VILMA OQUENDO, individual and as Mother and as ADMINISTRATRIX OF THE ESTATE of SONNY RIVERA, now deceased,** ) | **File No:** |
| ) | |
| **Plaintiffs,** ) | **COMPLAINT** |
| ) | |
| **v.** ) | |
| ) | |
| **STATE OF CONNECTICUT DEPARTMENT OF CORRECTIONS, John Does, in their Individual and in their official capacities, Jane Does, in their individual and in their individually and in their official capacities, DEPARTMENT OF CORRECTION OFFICER PEREZ, in his individual and in his official capacities, Other agents and presently unknown of Defendant DEPARTMENT OF CORRECTION in their individual and in their official capacities** ) | **October 11, 2016** |
| ) | |
| **Defendants,** ) | |

## COMPLAINT

1.  The Plaintiff, Vilma Oquendo brings this action for damages and other equitable pursuant to Title 42 United States Codes §1983, §1985(3), §1986, §1988(b) and (c), supervisory liability, Monell, wrongful death claim pursuant to and as set forth in Connecticut General Statute §52-555, and the common law of the State of Connecticut.

2.  This Court has Subject Matter Jurisdiction of this controversy by virtue of 28 U.S.C. § 1331, federal question, and Supplemental Jurisdiction pursuant to 28 U.S.C. §1367.  Venue in this district is appropriate pursuant to 28 U.S.C. §§ 1391.

### B.   PARTIES

3.   **The Plaintiff, Vilma Oquendo** is the mother and administratrix of the estate of the deceased inmate Sonny Rivera, (hereinafter referred to as the Plaintiffs, as distinguished from the deceased, Sonny Rivera) who died on October 17, 2014.

4.   On information and belief, the deceased was held in solitary confinement in a cell at Defendant Department of Correction's (hereinafter, DOC) Northern Correctional Facility.

5.   That on information and belief, while the deceased was confined in solitary, he was murdered by a member or members of the DOC staff.

6.   That on information and belief, the deceased was transferred from another of Defendant DOC's correctional facilities.

7.   **Defendant, State of Connecticut Department of Correction** is state governmental agency charged with the responsibility to confine and controls accused and sentenced offenders in correctional institutions, centers and units, and administers medical, mental health, rehabilitative and community-based service programs.

8.   This Defendant employs more than one hundred officers and civilian employees state-wide.

9.   That on information and belief, this Defendant acts by and through the individually named employees, other supervisors, officials and representatives.

2

10.     That on information and belief, the DOC through its agents failed to provide suitable environment where inmates could be kept free from injury, harm and death, and through its agents acted with deliberate indifference to the rights of the deceased Sonny Rivera .

11.     That on information and belief, the DOC through its agents failed to provide adequate medical care and attention to the Plaintiff, Sonny Rivera, when he was found injured in his cell on October 16, 2016 and October 17, 2016.

12.     That on information and belief, the DOC through its agents failed to provide suitable surveillance training to Correction officers on mental illness, and on inmates who were at risk of harming themselves.

13.     That on information and belief, the DOC through its agents, including DOC (John Doe) Perez failed to provide transport the deceased to a hospital on October 16, 2016, for evaluation, counseling, and treatment after he attempted to hang himself.

14.     That on information and belief, the DOC through its agents failed to provide suitable environment where inmates could be kept free from injury, harm and death.

15.     That on information and belief, the DOC through its agents, including DOC (John Doe) Perez failed to provide adequate medical care, visual face-to-face observation of all inmates by "jailers no less than every 15 minutes."

16.     That on information and belief, the DOC agents was inadequately trained on the procedures for recognition, supervision, monitoring and surveillance, face-to-face visual observations, medical care, documentation, and handling of inmates who are mentally disabled, and /or potentially suicidal including DOC (John Doe) Perez.

17.     **Defendant John Does and Jane Does** are employees of the DOC, and at all times relevant herein, they were acting in their individual capacities, as well as on behalf of the DOC, and they were responsible for keeping the deceased free from psychological harm and injury, physical injury, harm and death.

18.     That on information and belief, these Defendants were charged with the responsibility to execute and enforce the rules, regulations, and laws pertaining to the Department of Corrections, including the rules, regulations and laws specific to confined inmates, and more specifically, inmates who were confined to solitary, as was the deceased.

20.     That the conducts complained of were committed by John Doe(s) and Jane(s) acting under the color of state law.

21.     That this conduct deprived the deceased Sonny Rivera and the deceased of the rights, privileges or immunities secured by the constitution or laws of the United States; and

22.     That on information and belief, these Defendants failed to provide adequate training, adequate surveillance to inmates who were at risk of suicide, failed to provide adequate facilities and environment to safeguard inmates who were at risk to harm themselves.

23.     That the Defendants' acts were the proximate cause of the injuries and consequent damages sustained by the deceased Sonny Rivera.

24.     That the Defendants were personally involved in the deceased Sonny Rivera's alleged constitutional deprivations.

25.     That the Defendants failed to remedy the wrongs after learning, being informed of the violation(s), or they should have known, and all were personally involved in the deceased Sonny Rivera's alleged constitutional deprivations.

26.     That the John and Jane Doe supervisory Defendants created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policies or custom, and all were personally involved in the decease Sonny Rivera's alleged constitutional deprivations.

27.     That the John and Jane Doe supervisory Defendants were grossly negligent in supervising their subordinates who committed the wrongful acts and all were personally involved in the decease Sonny Rivera's alleged constitutional deprivations.

28.     That the John and Jane Doe supervisory Defendants acted with deliberate indifference to the rights of the deceased Sonny Rivera by failing to act on information indicating that unconstitutional act were occurring, and all were personally involved in the deceased's alleged constitutional deprivations.

29.     That on information and belief, these Defendants conspired with others and each other for purposes of causing injury and death to the deceased.

30.     **Defendant (John Doe) Perez** is an employee of the DOC, and at all times relevant herein, he was acting in his individual capacity, and in his official capacity on behalf of the DOC.

31.     That on information and belief, this Defendant was charged with the responsibility to execute and enforce the rules, regulations, and laws pertaining to the Department of Corrections, including the rules, regulations and laws specific to confined

inmates, and more specifically, inmates who were confined to solitary, and who were at risk of suicide as was the deceased Sonny Rivera.

32.     That the conducts complained of were committed by (John Doe) Perez in concert with other(s) was acting under the color of state law; and that (John Doe) Perez is a male officer of Latin decent, approximately five feet six to five feet eight inches tall, and is believed to be over two hundred pounds in weight.

33.     That this Defendant (John Doe) Perez's conduct deprived the Plaintiff Sonny Rivera's  rights, privileges or immunities secured by the constitution or laws of the United States; and

34.     That this Defendant acting by himself and/or in concert with others and was/were the proximate cause of the injuries and consequent damages sustained by the deceased; and

35.     That the Defendant acting by himself and/or in concert with others was/were personally involved in the decease's constitutional deprivations.

36.     That the Defendant failed to remedy the wrong after learning, or being informed of the violation(s), and all were personally involved in the Plaintiffs' alleged constitutional deprivations.

37.     That the (John Doe) Perez created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policies or custom, and he was personally involved in the decease's alleged constitutional deprivations.

38.     That the (John Doe) Perez was grossly negligent in committing the wrongful acts involved in the deceased Sonny Rivera's alleged constitutional deprivations.

39.    That the(John Doe) Perez acted with deliberate indifference to the rights of the deceased Sonny Rivera by failing to act on information indicating that unconstitutional act were occurring.

40.    That on information and belief, this Defendant conspired with others and each other for purposes of causing injury and death to the deceased.

41.    That on information and belief this Defendant intentionally caused the death of the deceased.

42.    That on information and belief, this Defendant with the help and assistance of others caused the death of the deceased, by providing him drugs or drugging him, and causing his ultimate death.

### C.    FACTS

43.    At all times relevant herein, Defendant DOC acted through its employees, supervisors, managers, agents, Correction Officers, officials, Directors, and representatives.

44.    On information and belief, the deceased was sentenced to prison sometime in 2012 to an approximate term of three years.

45.    On information and belief, the deceased Sonny Rivera was scheduled for release in or around March 2015.

46.    That on information and belief, the deceased was looking forward to his release from prison, and communicated as such to his family.

47.    On information and belief, the deceased had concrete personal plans he intended to put in effect upon his release.

48.     On information and belief, on or around October 17, 2014, the DOC contacted the decease's family and informed them that he was dead.

49.     On information and belief, the DOC also informed the decease's family that the decease had committed suicide, and he had attempted to hang himself the day before, on October 16, 2014.

50.     On information and belief, the Plaintiff Vilma Oquendo called Northern Correctional Facility and spoke to a female correctional officer, who informed the Plaintiff that "no one had died at that prison, because she would have known."

51.     There and then the Plaintiff Vilma Oquendo asked to speak to the Warden of Northern Prison, who "confirmed that the deceased had died."

52.     On information and belief, the Plaintiff went to view her son's body and upon examining his body, she noted that he had fresh "ligature marks around his neck."  **[Exhibit # 1]**

53.     On information  and belief, the Plaintiff there and then also noted that her son's had a large sutured laceration on his left arm running from his wrist upwards on the inside of his forearm running towards the elbow.  **[Exhibit # 2]**

54.     On information and belief, the deceased was transferred from a previous correctional facility after he is believed to have interceded on behalf of an inmate who he believed had been wrongfully targeted by a corrections officer.

55.     On information and belief, the deceased was transferred to Northern Correctional Facility soon after he had interceded on the other inmate in question's behalf, in or around September 2014.

56.     That on information and belief, the deceased informed a family friend that "he

believed his life was in danger as a result of his having interceding on the other inmate's behalf."

57.     That on information and belief, the deceased informed the family friend that "when the Corrections Department wishes to injury or 'off' and inmate, they send him to Northern Correctional Facility, where the problem inmate is dealt with by the staff."

58.     That on information and belief, "there has been other inmates who has been reportedly killed at Northern Correctional Facility, where the facility's official report was that the inmate had committed suicide."

59.     That on information and belief, DOC personnel claimed that the deceased committed suicide by stuffing gauze, paper napkin, and Styrofoam down his air passage.

60.     That on information and belief, the DOC personnel(s) who was/were assign to watch the deceased via video surveillance camera reported that he/she/they "thought he was eating presumably at the time he was actually stuffing the gauze, paper napkin, and Styrofoam down his passage."  **[Exhibit # 1]**

61.     That on information and belief, the DOC personnel(s) who was/were assign to watch the deceased via video surveillance camera reported that he/she/they failed to act, and showed deliberate indifference to the fact the deceased was actually harming himself.

62.     That on information and belief, the DOC personnel(s) who was/were assigned to watch the deceased via video surveillance camera failed to report that the deceased had consumed significant amount of drugs, but he/she/they failed to notice and take adequate action to save the deceased from harm.

63.     That on information and belief, the ligature marks that were evidenced around the decease's throat appears as if someone attempted to strangle him from behind, and was therefore

not self inflicted.

64.     That on information and belief, at the time the decease's body was autopsied by the State of Connecticut Medical Examiner, his toxicology results evidences the fact that blood levels contained significantly elevated levels of Benadryl.  **[Exhibit # 2]**

65.     That on information and belief, the decease's toxicology examination reveals that his blood contained levels exceeding ten Benadryl tablets.  **[Exhibit # 2]**

66.     That on information and belief, the decease's blood level of Benadryl by itself would have killed the deceased, and at the least rendered him unable to commit suicide.

67.     That on information and belief, the level of Benadryl in the decease's blood would not have enabled him to stuff gauze, paper napkin, and Styrofoam down his air passage.

68.     On information and belief, the DOC personnel failed to provide the Medical Examiner Office the actual articles the deceased allegedly stuffed down his air passage causing his death by suicide did not receive.

69.     That on information and belief, the DOC personnel failed to provide the hospital the actual articles the deceased allegedly stuffed down his air passage causing his death by suicide.

70.     On information and belief, the DOC personnel claimed they thought the deceased was eating, when "chow time" had ended about an hour previously.

71.     On information and belief, the Medical Examiner's Office was informed that the deceased had committed suicide, and concluded as such in its autopsy report.

72.     On information and belief, the deceased actually died while he was under video surveillance on the suicide wing of the Northern Correctional Facility.

73.     That on information and belief, the deceased was in possession of significant amounts (dosage) of drugs prior to his death.

74.     That on information and belief the Defendants failed to take or relieve the deceased of physical articles he subsequently used to affect his suicide.

75.     That on information and belief, DOC personnel(s) who were assigned to monitor the deceased were also responsible to report, take or relieve the deceased of said articles, but failed to do so leading to his committing suicide with said articles.


**COUNT ONE, 42 U.S.C. § 1983, § 1985, § 1986, and § 1983 1988 AS AGAINST THE INDIVIDUAL DEFENDANTS, INCLUDING DEFENDANT (JOHN DOE) PEREZ AND OTHERS.**

Paragraphs 1 through 75, inclusive, are incorporated as if fully set forth herein.

76.     That Defendants (John Doe) Perez and others acted under color of law.

77.     In the events alleged above, Defendants (John Doe) Perez acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived the deceased, Sonny Rivera of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983. 189. The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sonny Rivera.

78.     On or around October 16, 2014 and October 17, 2014 at various points in time, Sonny Rivera was not adequately monitored while in custody.

79.     On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, were willful, wanton, and reckless in failing to provide adequate monitoring of the deceased to keep him safe and secure.

80.     On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of the deceased in failing to keep him free from injury, harm, and death.

81.     On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of the deceased in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death.

82.     On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez were willful, wanton, and reckless in not providing adequate medical care and attention to the deceased when he was found injured in her cell.

83.     On or around October 16, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

84.     As a direct and proximate result of the foregoing, Defendant (John Doe) Perez and other, individually and as an agent and/or employee of the DOC, deprived the deceased of his rights and privileges as a citizen of the United States, and caused the deceased to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

85.     The claims and causes of action for injuries to the health, reputation, and person sustained by the deceased.

86      That the Defendant DOC by and through its agent(s) and/or employee, Defendant (John Doe) Perez and others, deprived the deceased of his rights guaranteed by the United States Constitution and federal statutes.

87.      That on information and belief, the Defendant (John Doe) Perez conspired with one or more persons and them in injuring the deceased, and depriving him of his rights under the United States Constitution.

88.      That the Defendants had knowledge that the above wrongs were to be committed, and had the power to prevent or aid in preventing the commission of the same, but neglected or refuses so to do; that these defendants are liable to the decease's representatives with respect to his injury, harm and death for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

89.      As a direct and proximate result of the foregoing conduct, Defendant DOC, by and through its agent and/or employee, Defendant (John Doe) Perez, deprived the deceased of his rights and privileges as a citizen of the United States, and caused the deceased to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

90.      The claims and causes of action for injuries are brought in connection to the health, reputation and person sustained by the Plaintiffs and the deceased.

91.      That the Defendants are liable for the harm complained of by the decease's representatives.

92.      That the Plaintiff and administratrix of the estate of the deceased has expended substantial funds in attorney's fees in an effort to seek redress for injuries.

### COUNT TWO, AGAINST JOHN DOE(S) AND JANE DOE(S) AND OTHERS: NEGLIGENCE.

Paragraphs 1 through 88 inclusive, are incorporated as if fully set forth herein.

93.     That Defendant (John Doe) Perez, and others were employed as an agent of Defendant DOC.

94.     That during the course of their business, these Defendants failed to protect the deceased from the risk of harm he faced.

95.      That these Defendants failed to provide adequate assistance to the deceased while he was confined to solitary, and proceeded to stuff physical articles in his throat to block his air passage.

96.     That these Defendants had a duty to protect the deceased from the risk of harm that a person on suicide watch is exposed to.

97.     That the Defendants failed to adequately and reasonable monitor and assigned surveillance of the deceased while he was on suicide watch.

98.     That the Defendants failed to provided reasonable and adequate face to face observation of the deceased when they knew he was at risk of committing suicide.

99.     That the Defendants failed to provided reasonable and adequate surveillance to protect the deceased from harming himself.

100.    That the Defendants failed to provided reasonable and adequate medical care to the deceased on October 16, 2014 and October 17, 2014 when he allegedly attempted suicide, and when he allegedly and successfully committed suicide.

14

101.    That the Defendants failed to provided reasonable and adequate safeguards by denying the decease's access to powerful drugs, which were found in his blood.

102.    That the Defendants failed to provided reasonable and adequate recognition that the deceased was harming himself at the time prior to his committing suicide.

103.    That the Defendants failed to provided reasonable and adequate face to face observation of the deceased when they knew he was at risk of committing suicide.

104.    That the Defendant DOC by and through its agent(s) and/or employee, Defendant (John Doe) Perez and others, deprived the deceased of his rights guaranteed by the United States Constitution and federal statutes.

105.    That the Defendants (John Doe) Perez, and others were the proximate cause of the decease's injury, harm and death.

106.    The claims and causes of action for injuries are brought in connection to the health, reputation and person sustained by the Plaintiffs and the deceased.

107.    That the Plaintiff and administratrix of the estate of the deceased has expended substantial funds in attorney's fees in an effort to seek redress for injuries.


### COUNT THREE, AGAINST JOHN DOE(S) AND JANE DOE(S) AND OTHERS: WRONGFUL DEATH.

Paragraphs 1 through 106 inclusive, are incorporated as if fully set forth herein.

108.    Defendant (John Doe) Perez, and others were employed as an agent of Defendant DOC.

109.    That during the course of their business, these Defendants failed to protect the deceased from the risk of harm he faced.

110.    That these Defendants failed to provide adequate assistance to the deceased while he was confined to solitary, and proceeded to stuff physical articles in his throat to block his air passage, which lead to his injury, harm, and death.

111.    That these Defendants had a duty to protect the deceased from the risk of harm that a person on suicide watch is exposed to.

112.    That the Defendants failed to adequately and reasonable monitor and assigned surveillance of the deceased while he was on suicide watch.

113.    That on October 17, 2014, the Defendants failed to provided reasonable and adequate face to face observation of the deceased when they knew he was at risk of committing suicide.

114.    That on October 16, 2014 and October 17, 2014, the Defendants failed to provided reasonable and adequate surveillance to protect the deceased from harming himself.

115.    That the Defendants failed to provided reasonable and adequate medical care to the deceased on October 16, 2014 and October 17, 2014 when he allegedly attempted suicide, and when he allegedly and successfully committed suicide.

116.    That the Defendants failed to provided reasonable and adequate safeguards by denying the decease's access to powerful drugs, which were found in his blood.

117.    That the Defendants failed to provided reasonable and adequate recognition that the deceased was harming himself at the time prior to his committing suicide.

118.    That on October 17, 2014, the Defendants failed to provide reasonable and adequate face to face observation of the deceased when they knew he was at risk of committing

suicide.

119.    That the Defendants (John Doe) Perez, and others were the proximate cause of the decease's injury, harm and death.

120.    The claims and causes of action for injuries are brought in connection to the health, reputation and person sustained by the Plaintiffs and the deceased.

121.    That the Plaintiff and administratrix of the estate of the deceased has expended substantial funds in attorney's fees in an effort to seek redress for injuries.


**COUNT FOUR, MONELL AS AGAINST THE INDIVIDUAL SUPERVISORY DEFENDANTS, INCLUDING DEFENDANT (JOHN DOE) PEREZ AND OTHERS.**

Paragraphs 1 through 121, inclusive, are incorporated as if fully set forth herein.

122.    That Defendants (John Doe) Perez and others, including supervisory personnel acted under color of law, and were required to train their prison personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm, and death.

123.    In the events alleged above, that Defendants (John Doe) Perez and others, including supervisory personnel intentionally, willfully, wantonly and unreasonably deprived the deceased, Sonny Rivera of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

124. The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sonny Rivera.

125.   On or around October 16, 2014 and October 17, 2014 at various points in time, Sonny Rivera was not adequately monitored while in custody.

126.   On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC were willful, wanton, and reckless in failing to provide adequate monitoring of the deceased to keep him safe and secure, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

127.   On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of the deceased in failing to keep him free from injury, harm, and death.

128.   On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of the deceased in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

129.   On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC were willful, wanton, and reckless in not providing adequate medical care and attention to the deceased when he was found injured in her cell, and where they were responsible for enforcing,

maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

130.   On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC were willful, wanton, and reckless and did not attempt to transport the deceased to a medical facility to be seen by a physician, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

131.   On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC were willful, wanton, and reckless caused the deceased to gain substantial quantities of drugs, while he was present in the suicide unit of the prison facility, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

132.   As a direct and proximate result of the foregoing, Defendant (John Doe) Perez and other, individually and as an agent and/or employee of the DOC, deprived the deceased of his rights and privileges as a citizen of the United States, and caused the deceased to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

133.   The claims and causes of action for injuries to the health, reputation, and person sustained by the deceased.

134     That the Defendant DOC by and through its agent(s) and/or employee, Defendant (John Doe) Perez and others, deprived the deceased of his rights guaranteed by the United States Constitution and federal statutes.

### COUNT FIVE, AS AGAINST THE INDIVIDUAL SUPERVISORY DEFENDANTS, INCLUDING DEFENDANT (JOHN DOE) PEREZ AND OTHERS: SUPERVISORY LIABILITY.

Paragraphs 1 through 134, inclusive, are incorporated as if fully set forth herein.

135.     That Defendants (John Doe) Perez and others, including supervisory personnel acted under color of law, and were required to train their prison personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm, and death.

136.     In the events alleged above, that Defendants (John Doe) Perez and others, including supervisory personnel intentionally, willfully, wantonly and unreasonably deprived the deceased, Sonny Rivera of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

137.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sonny Rivera.

138.     On or around October 16, 2014 and October 17, 2014 at various points in time, Sonny Rivera and others did not adequately monitor the deceased while he was in custody.  The supervisory personnel failed to remedy the wrongs which caused the decease's harm, injury and death.

139.    On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC intentionally, willfully, wantonly, and recklessly in failing to provide adequate training to personnel and monitoring of the deceased to keep him safe and secure, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

140.    On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC intentionally, willfully, wantonly, and recklessly failing to provide adequate training, or exhibited conscious disregard for the safety of the deceased in failing to keep him free from injury, harm, and death.

141.    On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC willfully, wantonly, and recklessly failing to provide adequate training, or exhibited conscious disregard for the safety of the deceased in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

142.    On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC willfully, wantonly, and recklessly failing to provide adequate training in the medical care and attention needed by the deceased when he was found injured in her cell, and where they were

responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.

143.    On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC willfully, wantonly, and recklessly and did not attempt to transport the deceased to a medical facility to be seen by a physician, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.  That, the supervisory personnel failed to provide adequate training to their personnel on medical care.

144.    On or around October 16, 2014 and October 17, 2014 DOC prison personnel, including but not limited to Defendant (John Doe) Perez, and supervisory personnel at DOC willfully, wantonly, and recklessly caused the deceased to gain substantial quantities of drugs, while he was present in the suicide unit of the prison facility, and where they were responsible for enforcing, maintaining, correcting, the policy, culture, and custom at the facility where the deceased was harmed, injured, and died.  That, the supervisory personnel failed to provide adequate training to their personnel on drugs, and adequate means to protect suicidal inmates from obtaining drugs to harm themselves.

145.    As a direct and proximate result of the foregoing, Defendant (John Doe) Perez and other, individually and as an agent and/or employee of the DOC, deprived the deceased of his rights and privileges as a citizen of the United States, and caused the deceased to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

146.    The claims and causes of action for injuries to the health, reputation, and person

sustained by the deceased.

147.     That the Defendant DOC by and through its agent(s) and/or employee, Defendant

(John Doe) Perez and others, deprived the deceased of his rights guaranteed by the United States

Constitution and federal statutes.


### D.     DAMAGES

148.     The Defendants are jointly and severally liable for the wrongs complained of

herein either by virtue of direct participation, or by virtue of encouraging, aiding, abetting,

committing, and/or ratifying and condoning the commission of the above described acts and/or

omissions.

149.     Plaintiff and Plaintiff Decedent suffered compensatory, special, and punitive

damages for the following:

a.     Extreme mental anguish and emotional distress as a result of the deceased being

murdered, committing suicide, assault, battery by Defendant (John Doe) Perez and as of now

other unknown Defendants.

b.     Extreme physical abuse, mental anguish and emotional distress as a result of the

intentional infliction of emotional distress to which Defendant (John Doe) Perez and as of now

other unknown Defendants subjected the deceased.

c.     Violation of the civil rights by Defendant (John Doe) Perez and as of now other

unknown Defendants.

d.     Punitive damages for egregious acts and omissions of the Defendants, DOC,

Defendant (John Doe) Perez, John Doe(s), Jane Doe(s), and as of now unknown Defendants.

### E.  **PRAYER FOR RELIEF:**

The Plaintiff, Vilam Oquendo individually and as administratrix of the estate of Sonny Rivera

prays for judgment on behalf and against all the Defendants jointly and severally, and in solido,

as follows:

a.      Compensatory damages, special, and punitive damages;

b.      The cost of this action and reasonable attorney's fees as provided by 42 U.S.C. § 1983,

and § 1988;

c.      Interest.

d.      Such other relief as the Court deems just and equitable.

**FOR THE PLAINTIFF,**
Vilma Oquendo, et al.,

BY_____/S/_____

Richard C. Gordon, Esq.,                              Dated:  October 11, 2016
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533  FAX
Email:  RCGordonlaw@Gmail.com

## UNITED STATES DISTRICT COURT
### For the
### DISTRICT OF CONNECTICUT

——————————————————————————    )

VILMA OQUENDO, individual and as Mother
and as ADMINISTRATRIX OF THE ESTATE    )    **File No:**
of SONNY RIVERA, now deceased,

                                         )

    **Plaintiffs,**                         **JURY DEMAND**

                                         )

    v.

                                         )

STATE OF CONNECTICUT DEPARTMENT
OF  CORRECTIONS, John Does, in their    )
Individual and in their official capacities,
Jane Does, in their individual and in their    )    **October 11, 2016**
individually and in their official capacities,
DEPARTMENT OF CORRECTION OFFICER    )
PEREZ, in his individual and in his official
capacities, Other agents and presently unknown    )
of Defendant DEPARTMENT OF CORRECTION
in their individual and in their official capacities    )

    **Defendants,**                         )
——————————————————————————

### JURY DEMAND

The Plaintiff demands a trial by jury as to all issues so triable.

**FOR THE PLAINTIFF,**
Vilma Oquendo, et al.,

BY_____/S/_____
Richard C. Gordon, Esq.,                    Dated:  October 11, 2016
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533  FAX
Email:  RCGordonlaw@Gmail.com

## CERTIFICATION OF SERVICE

The undersigned counsel certifies that a copy of the foregoing Complaint will be served upon the Defendants by a State Marshall within the time proscribed by the FRCP and Local Rules.

**FOR THE PLAINTIFF,**
Vilma Oquendo, et al.,


BY_____/S/_____

Richard C. Gordon, Esq.,                                    Dated:  October 11, 2016
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533  FAX
Email:  RCGordonlaw@Gmail.com